IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
EASTERN DIVISION

| | |
|---|---|
| REBEKAH HOUCK, BRANDI JAKUBEC, and ABIGAYLE BLIZZARD, a minor by her parent and natural guardian, BRANDI JAKUBEC,<br><br>        Plaintiffs,<br><br>vs.<br><br>Fawn Shoppe, LLC, and KRISTIN SWATI,<br>        Defendants. | JURY DEMAND |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *ET SEQ.*,
THE PENNSYLVANIA MINIMUM WAGE ACT, 43 P.S. §333.104(C), AND
THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW, 43 P.S. §260.9(A)**

Plaintiffs, Rebekah Houck, Brandi Jakubec, and Abigayle Blizzard, a minor by her parent and natural guardian, Brandi Jakubec, by and through their attorneys, Harold M. Goldner of Kraut Harris, P.C. and Aaron B. Maduff and Walker R. Lawrence, of Maduff & Maduff, LLC, for their Complaint against Defendants, Fawn Shoppe, LLC and Kristin Swati, allege and state as follows:

**INTRODUCTION**

1. Plaintiffs, Rebekah Houck, Brandi Jakubec, and Abigayle Blizzard, worked in a warehouse for Fawn Shoppe LLC. (hereafter "Fawn Shoppe"). Fawn Shoppe is a high end online boutique. Plaintiffs were employed as warehouse workers. Fawn Shoppe is solely owned by Kristin Swati. Swati paid Plaintiffs a salary for the last several years. Defendants briefly changed their pay practice to pay hourly, but then changed them back to paying a salary. All three have been working more than 40 hours per week. This case is filed to recover unpaid overtime wages and premiums.

1

## THE PARTIES

2.  Plaintiff, Rebekah Houck, (hereinafter "Houck") resides within the territorial jurisdiction of the United States District Court for the Eastern District of Pennsylvania. She was, at all times relevant to this complaint, an employee within the meaning of 29 U.S.C. §203(e), as well as within the meaning of the Pennsylvania Minimum Wage Act and Wage Payment and Collection Law. Ms. Houck's consent to be a Plaintiff pursuant to 29 U.S.C. §216(b) is attached as group Exhibit A to this Complaint.

3.  Plaintiff, Brandi Jakubec (hereinafter "Jakubec") resides within the territorial jurisdiction of the United States District Court for the Eastern District of Pennsylvania. She was, at all times relevant to this complaint, an employee within the meaning of 29 U.S.C. §203(e), as well as within the meaning of the Pennsylvania Minimum Wage Act and Wage Payment and Collection Law. Ms. Jakubec's consent to be a Plaintiff pursuant to 29 U.S.C. §216(b) is attached as group Exhibit A to this Complaint.

4.  Plaintiff, Abigayle Blizzard (hereinafter "Blizzard"), is 17 years old. She resides within the territorial jurisdiction of the United States District Court for the Eastern District of Pennsylvania. She was, at all times relevant to this complaint, an employee within the meaning of 29 U.S.C. §203(e), as well as within the meaning of the Pennsylvania Minimum Wage Act and Wage Payment and Collection Law. Ms. Blizzard's consent to be a Plaintiff pursuant to 29 U.S.C. §216(b) is attached as group Exhibit A to this Complaint, and is also executed by her parent and natural guardian, Brandi Jakubec.

5.  Defendant, Fawn Shoppe, LLC, (hereinafter "Fawn Shoppe") is a New York corporation with its principal place of business in Pennsylvania and doing business within the territorial limits of the United States District Court for the Eastern District of Pennsylvania. Defendant Fawn Shoppe is and was at all relevant times an employer and an

enterprise engaged in commerce or the production of goods for commerce within the definitions of 29 U.S.C. §§ 203(d) and 203(s).

6. Defendant Kristin Swati (hereinafter "Swati"), is an individual, who was at all relevant times an employer and an enterprise engaged in commerce or the production of goods for commerce within the definitions of 29 U.S.C. §§ 203(d) and 203(s). Defendant Swati is the owner of Defendant Fawn Shoppe and is responsible for paying Plaintiffs for hours worked as well as directing Plaintiffs' work.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims against the Defendants pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337. This Court has supplemental jurisdiction over the State Law Claims pursuant to 28 U.S.C. §1367.

8. Venue is proper in this District as the acts giving rise to this cause of action took place in this District and Defendant regularly conducts business in this District.

## FACTS

9. Defendants run a high end online boutique.

10. Plaintiffs were employees working in a warehouse preparing packages for shipment by third party shippers such as Federal Express.

11. Houck was paid a salary of approximately $4,200 per month.

12. Jakubec was paid a salary of approximately $3,000 per month.

13. Blizzard was paid a salary of approximately $2,166.67 per month.

14. All three Plaintiffs worked in excess of 40 hours per week during the time each worked for Defendants.

15. Plaintiffs were not paid overtime premiums.

16. Swati was well aware that Plaintiffs were working more than 40 hours per week.

3

17. Indeed, Defendants expected Plaintiffs to work in excess of 40 hours per week.

18. Plaintiffs were non-exempt employees and were entitled to be paid overtime premiums.

## COUNT I

### Demand For Relief For Violations of The Fair Labor Standards Act 29 U.S.C. §201 *et seq.* For Failure to Pay Overtime

19. Plaintiffs restate and re-allege paragraphs 1 through 18 as paragraph 19 of this Count I.

20. Pursuant to the FLSA, 29 U.S.C. §207, Defendants were and remain obligated to compensate Plaintiffs at a rate of time and one half for all hours worked over forty in any week.

21. Plaintiffs were regularly permitted, encouraged, and/or required to work over forty hours per week but were not properly paid an overtime premium for hours worked in excess 40 in a week.

22. By failing to properly pay overtime due to Plaintiffs, Defendants willfully, knowingly, and/or recklessly violated the FLSA which requires overtime to be paid to non-exempt employees.

23. Because of Defendants' policy and practice of withholding overtime pay, Plaintiffs have been damaged in that they are not receiving wages due to them pursuant to the FLSA.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court grant them the following relief:

a) A declaratory judgment that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. §207;

b) A declaratory judgment that Defendants' violations of the FLSA were willful;

c) An award to Plaintiffs of damages for the unpaid overtime;

d) An award to Plaintiffs of liquidated damages in an amount equal to the overtime compensation owed to him pursuant to 29 U.S.C. §216(b);

e) An award to Plaintiffs of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

f) An award of such other and further relief as this Court deems just and equitable.

## COUNT II

### Demand For Relief For Violations
### Pennsylvania Minimum Wage Act
### 43 P.S. § 333.104(c)

24. Plaintiffs restate and re-allege paragraphs 1 through 18 as paragraph 24 of this Count II.

25. Pursuant to the Pennsylvania Minimum Wage Act, Defendants were and remain obligated to compensate Plaintiff time and one half for all hours worked over forty in any week.

26. By failing to properly pay overtime due to Plaintiffs, Defendants willfully, knowingly, and/or recklessly violated the Pennsylvania Minimum Wage Act.

27. Because of Defendants' policy and practice of withholding overtime pay, Plaintiffs have been damaged in that they are not receiving wages due to him pursuant to the Pennsylvania Minimum Wage Act.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court grant them the following relief:

a) A declaratory judgment that Defendants have violated the overtime provisions of the Pennsylvania Minimum Wage Act;

b) A declaratory judgment that Defendants' violations of the Pennsylvania Minimum Wage Act were willful;

c) An award to Plaintiffs for unpaid overtime compensation;

d) An award to Plaintiffs of reasonable attorney's fees and costs; and

e) An award of such other and further relief as this Court deems just and equitable.

## COUNT III

### Demand For Relief For Violations
### Pennsylvania Wage Payment and Collection Law
### 43 P.S. § 260.9(a)

28. Plaintiffs restate and re-allege paragraphs 1 through 18 as paragraph 2428 of this Count III.

29. Pursuant to the Pennsylvania Minimum Wage Law, Defendants were and remain obligated to compensate Plaintiff time and one half for all hours worked over forty in any week.

30. Defendants' employment contract with Plaintiffs therefore included the obligation to pay time and one half for all hours worked over forty in any week.

31. By failing to properly pay overtime due to Plaintiffs, violated the employment contract and therefore the Pennsylvania Wage Payment and Collection Law.

32. Because of Defendants' violations, Plaintiffs have been damaged in that they have not received wages due to them pursuant to the Pennsylvania Wage Payment and Collection Law.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court grant them the following relief:

a) A declaratory judgment that Defendants have violated the overtime provisions of the Pennsylvania Wage Payment and Collection Law;

b) A declaratory judgment that Defendants' violations of the Pennsylvania Wage Payment and Collection Law were willful;

c) An award to Plaintiffs for unpaid overtime compensation;

d) An award to Plaintiffs of liquidated damages as provided by Pennsylvania Wage Payment Collection Law;

e) An award to Plaintiffs of reasonable attorney's fees and costs; and

f) An award of such other and further relief as this Court deems just and equitable.

**A JURY TRIAL IS DEMANDED BY PLAINTIFFS.**

Respectfully submitted,

HAROLD M. GOLDNER
PA Attorney No. 32367
Kraut Harris, P.C.
5 Valley Square, Suite 120
Blue Bell, PA 19422
(215) 542-4900

/s/ Aaron B. Maduff

[i]Aaron B. Maduff, IL Atty. No. 6226932
Walker R. Lawrence, IL Atty. No. 6296405
Maduff & Maduff, LLC
205 N. Michigan, Ave., Suite 2050
Chicago, Illinois 60601
312/276-9000

---

[i] Pro hac vice motions pending.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
EASTERN DIVISION

REBEKAH HOUCK, BRANDI JAKUBEC, and ABIGAYLE BLIZZARD, a minor by her mother and next friend, BRANDI JAKUBEC,
    Plaintiffs,
vs.
FAWNSHOPPE, LLC, and KRISTIN SWATI,
    Defendants.

JURY DEMAND

## FLSA CONSENT FORM
(To Be Filed With The Court)

I, Rebekah Houck, am a current employee of Fawnshoppe, LLC, and its owner, Kristin Swati, (the "Defendants"). I believe I am entitled to additional wages for the hours I have worked for the Defendants. I hereby give my consent to my attorneys, Aaron B. Maduff and Walker R. Lawrence of the law firm of Maduff & Maduff, LLC, or such other persons or entities as they may designate, to bring suit against the Defendant on my behalf under the Fair Labor Standards Act in this action and in any other or subsequent actions they may deem necessary or advisable.

_____
Rebeah Houck

_____
Date

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
EASTERN DIVISION

| | |
|---|---|
| REBEKAH HOUK, BRANDI JAKUBEC, and ABIGAYLE BLIZZARD, a minor by her mother and next friend, BRANDI JAKUBEC,<br>Plaintiffs,<br>vs.<br>FAWNSHOPPE, LLC, and KRISTIN SWATI,<br>Defendants. | JURY DEMAND |

## FLSA CONSENT FORM
### (To Be Filed With The Court)

I, Brandi Jakubec, am a current employee of Fawnshoppe, LLC, and its owner, Kristin Swati, (the "Defendants"). I believe I am entitled to additional wages for the hours I have worked for the Defendants. I hereby give my consent to my attorneys, Aaron B. Maduff and Walker R. Lawrence of the law firm of Maduff & Maduff, LLC, or such other persons or entities as they may designate, to bring suit against the Defendant on my behalf under the Fair Labor Standards Act in this action and in any other or subsequent actions they may deem necessary or advisable.

_____
Brandi Jakubec

_11/28/16_____
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
EASTERN DIVISION

| | |
|---|---|
| REBEKAH HOUK, BRANDI JAKUBEC, and ABIGAYLE BLIZZARD, a minor by her mother and next friend, BRANDI JAKUBEC,<br>    Plaintiffs,<br>vs.<br>FAWNSHOPPE, LLC, and KRISTIN SWATI,<br>    Defendants. | JURY DEMAND |

## FLSA CONSENT FORM
(To Be Filed With The Court)

I, Abigayle Blizzard, am a current employee of Fawn shoppe, LLC, and its owner, Kristin Swait, (the "Defendants"). I believe I am entitled to additional wages for the hours I have worked for the Defendants. By my mother and next friend, Brandi Jakubec, I hereby give my consent to my attorneys, Aaron B. Maduff and Walker R. Lawrence of the law firm of Maduff & Maduff, LLC, or such other persons or entities as they may designate, to bring suit against the Defendant on my behalf under the Fair Labor Standards Act in this action and in any other or subsequent actions they may deem necessary or advisable.

_____
Abigayle Blizzard

_____
Brandi Jakubec as mother and next friend
of Abigayle Blizzard

11/28/16
Date

11/28/16
Date

1